IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Keviuntae Hytower,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:11-cr-02247-TLW<br>C/A No. 4:14-cv-01081-TLW<br><br>**Order** |

　　This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Keviuntae Hytower. For the reasons stated below, the Court dismisses the petition.

## I.　Factual and Procedural History

　　Petitioner pled guilty to a charge of possession of heroin and crack with intent to distribute and was sentenced as a career offender to 192 months incarceration. Judgment was entered on March 26, 2013. ECF No. 120. He did not file a direct appeal.

　　Petitioner timely filed this § 2255 petition, asserting (1) that the drug weight and career offender classification should have been submitted to a jury; and (2) that he was improperly classified as a career offender. ECF No. 129. The Government filed a response in opposition and motion to dismiss or for summary judgment, asserting that his petition was barred by the § 2255 waiver in his plea agreement and that he is not entitled to relief on the merits. ECF No. 139. Petitioner filed a reply disagreeing with the Government's position. ECF No. 145. About 9

months later, on April 20, 2015,[1] he filed a motion seeking to add an ineffective assistance of counsel claim to his petition. ECF No. 151.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV. Discussion

### A. Waiver

The Government asserts that the petition should be dismissed based on the habeas waiver in Petitioner's plea agreement. The Fourth Circuit has repeatedly confirmed that a defendant may waive his rights to contest his sentence in a direct appeal or post-conviction action, as long as the waiver is the result of a knowing and intelligent decision. *See, e.g.*, *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). The

3

question of whether the waiver was the result of a knowing and intelligent decision "is often made based on the adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—[but] the issue ultimately is evaluated by reference to the totality of the circumstances." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (citation omitted).

The plea agreement contains the following language:[2]

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.

Plea Agreement at ¶ 14, ECF No. 103. The Court thoroughly reviewed this provision with Petitioner during the plea colloquy:

> THE COURT: In paragraph 14, you waive certain rights that you have. Let me read a portion of paragraph 14 that's set forth in the plea agreement.
>
> In part, paragraph 14 states, in exchange for the concessions made by the Government in this plea agreement, you waive the right to contest either the conviction or the sentence and [sic] any direct appeal or other post-conviction— post-conviction action, including any proceedings under Title 28, United States Code, Section 2255. It looks like there is some additional language in that plea agreement.
>
> But the thrust of that provision is that you waive any right to contest your conviction or your sentence and [sic] any direct appeal. Do you understand that that provision is in your plea agreement?
>
> DEFENDANT HYTOWER: Yes, sir.
>
> THE COURT: You also waive the right to contest the conviction or sentence in your case under Title 18, United States Code, Section 2255, which is a federal

---

[2] Due to an apparent typographical error, some of the wording in this paragraph of the plea agreement repeats itself. The Court has deleted the duplicative wording.

> habeas proceeding. Do you understand that you waive the right with very limited exception to contest the conviction or sentence in your case through a federal habeas proceeding?
>
> DEFENDANT HYTOWER: Yes, sir.
>
> THE COURT: Have you had a chance to discuss this provision with your attorney?
>
> DEFENDANT HYTOWER: Yes, sir.
>
> THE COURT: Do you understand this provision?
>
> DEFENDANT HYTOWER: Yes, sir.
>
> THE COURT: And do you waive those rights freely and voluntarily?
>
> DEFENDANT HYTOWER: Yes, sir.

Plea Tr. 11:4–12:8, ECF No. 138.

At the conclusion of the plea colloquy, the Court concluded that Petitioner was fully competent and capable of entering an informed plea, and that the plea was knowing and voluntary. *Id.* 29:13–17. He has submitted no evidence to the contrary. Based on the totality of the circumstances, the Court concludes that the habeas waiver was entered into knowingly and intelligently, and it is therefore enforceable. Accordingly, his § 2255 petition is subject to dismissal.

### B.   Procedural bar

The Court also notes that any issues regarding submitting drug weights and career offender classifications to a jury or about the application of the career offender classification were not raised at sentencing or on direct appeal. As Petitioner has not demonstrated either actual innocence or cause and prejudice, his claims are also procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

**C.    Merits**

The Government also contends that the petition should be denied on the merits.  The Court agrees.

**1.    *Career offender designation***

The parties spent much of their briefs discussing the merits of the application of the career offender designation.  However, after the parties submitted their briefs, the Fourth Circuit concluded that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255.  *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).  Accordingly, even if Petitioner's argument about the career offender designation were correct (it is not), he is not entitled to habeas relief based on the alleged improper career offender designation.

As alluded to above, his argument challenging his career offender designation is also incorrect on the merits.  The PSR found that he had four career offender predicate offenses:

(1)    <u>Possession of Crack Cocaine With Intent to Distribute</u>.  This conviction arose out of an arrest on December 16, 2000 when he was 16 years old.  On April 1, 2002, he was sentenced as an adult to 5 years imprisonment suspended to 509 days imprisonment and 3 years supervision.

(2)    <u>Distribution of Crack Cocaine</u>.  This conviction arose out of an arrest on June 20, 2001 when he was 17 years old.  On April 1, 2002, he was sentenced as an adult to 5 years imprisonment suspended to 509 days imprisonment and 3 years supervision.

(3)    <u>Distribution of Powder Cocaine (two counts)</u>.  These two convictions arose out of an arrest on July 10, 2002 when he was 18 years old.  On January 30, 2003, he was sentenced to 5 years imprisonment.

(4)    <u>Manufacture, Distribute, Possess Narcotic Drugs in Schedule I(b), LSD, and Schedule II (Heroin)</u>.  This conviction arose out of an arrest on May 8, 2007 when he was 23 years old.  On October 21, 2008, he was sentenced to 10 years imprisonment suspended to 5 years probation.

PSR ¶¶ 31, 33, 35, 37, ECF No. 123.

As applied to the facts of this case, the sentencing guidelines provide that a person is classified as a career offender if (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony controlled substance offense; and (3) he has at least two prior felony convictions for a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2012).[3] There is no dispute as to the first two elements, and thus the only question is whether he had two prior felony convictions for a controlled substance offense.

"Prior felony conviction" is defined as follows:

> [A] prior adult federal or state conviction for an offense <u>punishable</u> by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and <u>regardless of the actual sentence imposed</u>. A conviction for an offense committed at age eighteen or older is an adult conviction. <u>A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted</u> (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

USSG § 4B1.2 cmt. n.1 (emphasis added).

Petitioner's first predicate offense counts as a prior felony conviction because the offense was a controlled substance offense punishable by a term of imprisonment exceeding one year, S.C. Code Ann. § 44-53-375(B) (up to 15 years for a first offense), and was classified as an adult conviction, even though he was 16 years old at the time he committed the offense in December 2000.

Petitioner's second predicate offense counts as a prior felony conviction for the same reasons, even though he was 17 years old at the time he committed the offense in June 2001.

Petitioner's third predicate offenses counts as a prior felony conviction because the

---

[3] The 2012 edition of the guidelines was used at sentencing.

offenses were controlled substance offenses punishable by a term of imprisonment exceeding one year, S.C. Code Ann. § 44-53-370(b)(1) (up to 15 years for a first offense), and were classified as adult convictions because he was 18 years old when he committed the offenses in June 2002.

Petitioner's fourth predicate offense counts as a prior felony conviction because the offense was a controlled substance offense punishable by a term of imprisonment exceeding one year, S.C. Code Ann. § 44-53-370(b)(1) (up to 15 years for a first offense), and was classified as an adult conviction because he was 23 years old when he committed the offense in May 2007.

Having established that all four of these predicate offenses count as prior felony convictions, the only question is whether at least two of them are counted separately under § 4A1.1(a), (b), or (c). USSG § 4B1.2(c). A prior sentence falls under § 4A1.1(a) if the sentence of imprisonment exceeds one year and one month; under § 4A1.1(b) if the sentence of imprisonment is at least 60 days; and under § 4A1.1(c) for any other sentence not counted under (a) or (b). Multiple prior sentences are counted separately if they were imposed for offenses that were separated by an intervening arrest. USSG § 4A1.2(a)(2). If part of a sentence of imprisonment was suspended, only the portion that was not suspended counts. USSG § 4A1.2(b)(2).

Petitioner's first two predicate offenses are counted separately under § 4A1.1(a), as the non-suspended portion of his sentence on each count was 509 days imprisonment, which exceeds one year and one month. Additionally, they are counted separately because, although he was sentenced on the same day for both offenses, the offenses were separated by an intervening arrest.[4] USSG § 4A1.2(a)(2). The fact that he was 16 years old and 17 years old, respectively, when he

---

[4] He committed his first predicate offense on December 16, 2000, and he was arrested on that date. He committed his second predicate offense on June 20, 2001, and he was arrested on that date.

8

committed his first two predicate offenses is irrelevant, as these offenses both resulted in adult convictions. USSG § 4A1.1 cmt. n.1.

Petitioner's third predicate offense is counted separately under § 4A1.1(a), as he received a sentence of imprisonment of 5 years.

Petitioner's fourth predicate offense is counted separately under § 4A1.1(c), as it was a prior sentence not counted in (a) or (b). The fact that his entire sentence was suspended to probation is irrelevant because, unlike (a) and (b), which require a "prior sentence of imprisonment," (c) only requires a "prior sentence," which is defined as "any sentence previously imposed upon adjudication of guilt." USSG § 4A1.2(a)(1).

As set forth above, each of these predicate offenses were properly classified as prior felony convictions for purposes of the career offender enhancement. Thus, even if his claim were not barred by *Foote*, he would not be entitled to relief on the merits because has at least two prior felony convictions for a controlled substance offense.

### 2.     *Drug weight and career offender designation to jury*

Petitioner briefly raises the issue of whether the drug weight and career offender designation were elements that needed to be proven beyond a reasonable doubt before a jury. The Government did not address this issue in their brief and he did not follow up on it in his reply. However, leaving aside the issue of his waiver of a jury trial by pleading guilty, there is no merit to his claim.

Petitioner is presumably making a claim under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the Supreme Court concluded that any fact that increases the mandatory minimum sentence is an element that must be submitted to the jury. There are two problems with his argument. First, *Alleyne* has not been made retroactively applicable to cases on collateral review.

*See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactively applicable on collateral review, and noting that it is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive). Second, *Alleyne* is not factually applicable to his case, as it only applies where a defendant's mandatory minimum sentence is increased. *Alleyne*, 133 S. Ct. at 2155. His drug weight calculation and his classification as a career offender only impacted his guideline calculation; they did not increase the applicable mandatory minimum sentence. Accordingly, there is no merit to this claim.

### D.     Motion to amend

As noted above, on April 20, 2015, about 9 months after he filed his response to the Government's dispositive motion, he filed a motion to amend his petition to assert a claim of ineffective assistance of counsel. The motion is not entirely clear, but he appears to be challenging counsel's conduct with respect to the direct appeal and § 2255 waiver found in the plea agreement, as well as counsel's conduct with respect to the career offender designation. He also expounds on his arguments regarding the merits of his career offender designation. The Court will grant the motion to amend and will consider his arguments, even though it is a close question whether the Court should permit this amendment in light of the fact that his motion to amend was filed well after the one-year statute of limitations ran. *See United States v. Pittman*, 209 F.3d 314, 317–18 (4th Cir. 2000) (concluding that the claims raised in a motion to amend a § 2255 petition were barred by the statute of limitations as they did not relate back to the original filing). However, for

the reasons set forth below, he is not entitled to relief on the additional claims he makes in his motion.

Regarding the waiver, the Court went through that provision in the plea agreement with Petitioner in detail, and he said that he understood the waiver, that he had discussed it with his counsel, and that he waived his rights freely and voluntarily. The Court will not entertain a claim that he did not understand the waiver and did not discuss it with his counsel, as he unequivocally stated, under oath, the exact opposite at the plea hearing. The Court concludes that he is not entitled to relief on this ground.

Regarding the career offender designation, for the reasons set forth above, Petitioner's guideline calculation was properly enhanced under the career offender provisions. Thus, any claim that his counsel was ineffective on that ground is unavailing.

## V.    Conclusion

For the reasons stated, Petitioner's motion to amend, ECF No. 151, is **GRANTED**, the Government's Motion to Dismiss or for Summary Judgment, ECF No. 139, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 129, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

Appellate Procedure.

      **IT IS SO ORDERED**.

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Chief United States District Judge

December 9, 2015
Columbia, South Carolina